FILED - USDC -NH
2023 DEC 26 AM 10:46

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Juan Carlos Velez-Estupinan :
Petitioner,

v.                                  :        Case No. : _____

FCI Berlin, Warden
Respondent.               :

PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. 2241

Petitioner, pro se, respectfully asks this Honorable Court to ORDER BOP to reinstate Petitioner's FSA credits and transfer Petitioner to a Residential Reentry Center effective immediately.

Petitioner prays that this motion be liberally construed and held to a "less stringent than those drafted by attorneys." Haines v. Kener, 404 U.S. 519, 520, 30 L. Ed 2d 652, 92 S. Ct. (1972); see also Ayala Serrano v. Gonzalez, 909 F. 2d 8, 15 (1st Cir. 1991). According to Rule 56 of the Federal Rules of Civil Procedures, a movant may move for any claim if he shows that there is no general dispute as to any material fact and that he is entitled to judgment as matter of law.

FACTS AND ARGUMENTS

1. Petitioner is currently servicing a federal sentence at FCI Berlin, New Hampshire.

2. Petitioner was sentenced in a United State court located in US District Court - Middle District of Florida

3. Petitioner's docket number of his criminal case is 8:16-CR-151-T-24TGW.

4. Petitioner's date of sentencing was 09-23-2016

5. For the last five (5) straight years since the enactment of the First Step Act ("FSA") statute, Petitioner has consciously and carefully participated in multiple Evidence-Based Recidivism Reduction Programs ("EBRR") and all FSA required classes based on Petitioner's needs assessment. Thanks to his indisputable devoted dedication to programming and rehabilitation, Petitioner, to date, has earned a total of 855 days of FSA Credits. 365 days of FSA credits toward early release plus 490 days of FSA credits toward RRC/HC. (Unfortunately Petitioner is not able to provide an Exhibit showing his FSA credits to this Honorable Court because on December 13th, 2023 FCI Berlin staff informed to the entire inmate population that, effective immediately, no BOP staff member was able to provide any copy of any SENTRY document to prisoners).

6. As it is well known by this Honorable Court pursuant to 18 U.S.C. 3624(g)(1)(A), BOP "SHALL" apply FSA credits when the prisoner has earned FSA credits "in the amount that is equal to the remainder of the prisoner's imposed term of imprisonment". id. 18 U.S.C. 3624(g)(1)(A). As it can be reviewed by this Court, Petitioner's FSA time credits should have already been applied several months ago, and Petitioner should have already been transferred to a RRC then. Petitioner, to date, has substantially "less" days remaining of his imposed term of imprisonment than the total days of FSA Credits that Petitioner has already earned. Therefore, it is absolutely clear that BOP -- as unambiguously directed by Congress -- SHALL transfer Petitioner immediately to a Residential Reentry Center.

7. Regrettably, in a pre-meditated and harmful attempt to deny Petitioner of his honestly earned FSA credits, on __November 16__, 2023, Petitioner was instructed to go to R&D department to see a Deportation Officer. On that day Petitioner received a "Notice and Order of Expedited Removal" ("Immigration Notice"), which is attached herein as part of Exhibit A. After that visit, Petitioner was informed that he had lost all his FSA credits and his release date had changed in the BOP system. However, it is of critical importance to note that such Immigration Notice is "NOT" a Final Order of Removal for the following reasons:

   a ) As it is clearly and ambiguously stated in 8 U.S.C. 1101(47):

      47(A) "The term 'order of deportation' means the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, concluding that the alien is deportable or ordering deportation.

      47(B) "The order described under subparagraph (A) "SHALL" become final upon the earlier of ---

        (i) a determination by the Board of Immigration Appeals affirming such order; or

        (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals.

Please see, Barton v. Ashcroft, 152 F. Supp. 2d 235; 2001 U.S. Dist. LEXIS 14399 (D. Conn. July 20, 2001) ("A removal order does not become final until the [Board of Immigration Appeals] BIA affirms the order (or the time for filing an appeal has run) see, 8 U.S.C. 1101(47)(B)."); see also Agyei-Kodie, 418 F. App'x at 318 ("The removal order became administratively final on October 8, 2010, when the Board of Immigration Appeals dismissed the appeal of the Immigration judge's decision."); see also Francis v. Holder, 14-cv-0168, 2014 U.S. Dist. LEXIS 118326, 2014 WL 4207593, at *3 (W.D. La. Aug. 25 2014) ("Francis's removal order became final on January 31, 2014, when the Board of Immigration Appeals dismissed his appeal.").

   b ) As it is shown in Exhibit A attached herein, Petitioner has timely and properly filed an Appeal to his "Notice and Order of Expedited Removal", which further confirms that Petitioner is NOT the "Subject of a Final Order of Removal" as of the date of the filing of this Petition.

8. Furthermore, BOP has, in an act of abuse of power, unlawfully denied Petitioner of his FSA credits. BOP has just informed Petitioner that all his honest work, dedication, and programming for five (5) straight years have swiftly become worthless with regards to the FSA credits, and that now he is obligated to remain incarcerated for more than an additional one or two years.

Putting aside for a moment the dreadful, emotionally devastating, and heartbreaking news not only to Petitioner, but to his wife, kids and family, who were eagerly expecting to see him daily -- at least via video call -- at his RRC, it is of most importance to note that BOP has violated the Constitution of the United States of America. More explicitly, violating the Ex Post Facto Clause of Article I, section 9, 10 of the Constitution.

"The Ex Post Facto Clause [of Article I, section 9 of the Constitution] prohibits states from passing laws that retroactively alter the definition of crimes or increase the punishment of criminal acts [emphasis added]" Boutwell v. Keating, 399 F. 3d 1203, 1215 (10th Cir. 2005). This prohibition extends to agency regulation. Smith v. Scott, 223 F. 3d 1191, 1193-94 (10th Cir. 2000). A law or regulation violates the Ex Post Facto Clause if the law (1) applies to events occurring before it was enacted and (2) disadvantages the petitioner by changing the definition of criminal conduct or increasing the sentence thereof [emphasis added]. id. at 1994 (citing Lynce v. Mathis, 519, U.S. 433, 441, 117 S. Ct. 891, 137 L. Ed. 2d 63 (1997))."

As it is expressly stated in Iacaboni v. United States, 251 F. Supp. 2d 1015; 2003 U.S. Dist. LEXIS 4218 (D. Mass. March 20, 2003) ("protection afforded criminal defendants from punishment imposed in violation of the ex post facto clause of the Constitution." ... "The controlling decision is Lynce v. Mathis, 519 U.S. 433, 137 L. Ed. 2d 63, 117 S. Ct. 891 (1997), in which the Supreme Court unanimously held that retroactive cancelation of "early release credits" awarded to alleviate prison overcrowding violated the ex post facto clause. In Lynce the Court brushed aside the argument that the constitutional provision could not have been violated because the cancellation did not affect the actual sentence, and because the benefit of the credit was not, in any case, guaranteed. Citing Weaver v. Graham, 450 U.S. 24, 67 L. Ed. 2d 17, 101 S. Ct. 960 (1981), Justice Stevens explained that "the removal of such provisions can constitute an increase of punishment, because a 'prisoner's eligibility for reduced imprisonment is a significant factor entering into both the defendant's decision to plea bargain and the judge's calculation of the sentence to be imposed.' " Lynce at 445-46 (emphasis supplied), citing Weaver, 450 U.S. at 32. The Court found the respondent's argument that the benefit was not guaranteed "singularly unpersuasive" since (as with two of the

petitioners here) Lynce had in fact already received the benefit and had it taken away from him. Under these circumstances the petitioner was "unquestionably disadvantaged" and therefore entitled to the protection of the ex post facto clause. id. at 446-47."

Additionally, please see, Smith v. Scott, 223 F. 3d 1191, 1193-94 (10th Cir. 2000) "Although the Constitution only prohibits the states from passing an ex post facto "Law," U.S. Const. art. I, 10, an agency regulation which is legislative in nature is encompassed by this prohibition because a legislative body "cannot escape the Constitutional constraints on its power by delegating its lawmaking function to an agency." United States v. Bell 991, F. 2d 1445, 1450 (8th Cir. 1993) (holding that Federal Sentencing Guidelines were subject to ex post facto analysis); see also Akins v. Snow, 922 F. 2d 1558, 1561 (11th Cir. 1991) ("Since the legislature delegated to the Board the power to enact rules and regulations concerning parole reconsideration, the rules or regulations enacted by the Board are subject to the ex post facto clause's prohibitions.")."

Therefore, it is absolutely clear that BOP has violated the Ex Post Facto law by attempting to deny Petitioner of his well and already honestly earned FSA credits.

9. Petitioner has not exhausted administrative remedies.

As it is expressed in the law, exhaustion may not be required when the pursuit of administrative remedies would be futile or inadequate; waste resources, and work severe or irreparable harm to the litigant; or when the issue raised involve purely legal questions.

In this particular instance, Petitioner has no time left to file an administrative remedy process and then present this Petition to the Court as Petitioner should be already housed in a Residential Reentry Center several months ago, making the administrative process futile, inadequate, waste of resources and creating a severe and irreparable harm to Petitioner.

Please see Pihl v. Mass. Dep't of Educ., 9 F. 3d 184, 190 (1st Cir. 1993). Also see, Tensley v. Outlaw No. 2:10-cv-00014-BD, 2010 U.S. Dist. LEXIS 66738, WL 2671782 (E.D.Ark. July 2, 2010) (giving limitations, initiating grievance process would be futile). And see, Pillow v. Bureau of Prisons No. 4:22-cv-00713-PHS 2022 U.S. Dist. LEXIS 192489 (E.D.Ark. Oct. 21, 2022).

Additionally, the Supreme Court recognizes "three broad sets of circumstances in which the interest of the individual weight heavy against requiring administrative exhaustion. "McCarthy v. Madigan, 503 U.S. 140, 117 L. Ed 291, 112 S. Ct. 1081 (1992) at 144-45; see also Campbell v. Chadbourne, 505 F. Supp. 2d 191, 2007 U.S. LEXIS 65150 (D. Mass. 2007) 197-198.

They include: The exhaustion of admin remedies would be futile because the admin body is shown to be biased or has pre-determined the issue before it. Shurney v. I.N.S., 201 F Supp. 2d 783, 789 (N.D. Ohio 2001).

CONCLUSION

Thus, for all of the reasons mentioned above, Petitioner prays to God, and respectfully and humbly asks this Honorable Court to ORDER BOP to reinstate Petitioner's FSA credits and to transfer Petitioner to a Residential Reentry Center immediately.

Executed this __19__ day of December 2023.

Respectfully submitted,

*Juan C. Velez Estupinan*
Name: __Juan Carlos Velez-Estupinan__
Reg No. __66930-018__

Vélez Estupinan Juan Carlos
Reg: No 66930018
Federal Correctional intitution Berlin
P.O. Box 9000
Berlin NH 3570



Retail
U.S. POSTAGE PAID
FCM LG ENV
BERLIN, NH 03570
DEC 22, 2023
03301
$0.00
RDC 99
R2305K132888-03



7022 1670 0001 6514 1762

◇66930-018◇
U S District Court
55 Pleasant ST
District of New Hampshire
Concord, NH 03301
United States

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

FCI BERLIN
P.O. BOX 69 BERLIN NH 03570
DATE: 12/21/23

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosed to the above address."